CITY OF AMHERST, APPELLANT, *v.* CITY OF LORAIN ET AL., APPELLEES.

[Cite as Amherst v. Lorain (1975), 47 Ohio App. 2d 344.]

(No. 2355—Decided December 15, 1975.)

*Mr. Frank J. Janik,* for appellant.

*Mr. Adrian Betleski* and *Mr. James Parobek,* for appellees.

*Per Curiam.* This appeal stems from an order of the Court of Common Pleas rendering a judgment for the defendants.

The municipalities of Lorain and Amherst are contiguous municipalities.

Lorain owns and operates a water works by which it furnishes water to its inhabitants and to others beyond its borders. Amherst purchases water from Elyria and distributes it to its inhabitants through its own distribution lines.

Defendant Gargasz owns property in Lorain and a sizable tract of land in Amherst Township, south of the city of Amherst. Gargasz seeks to develop this property, but development will require water and sewage facilities. Gargasz negotiated an agreement with Lorain for such services. To furnish the services, pipes must be extended beneath two highways (running through the municipality of Amherst) in which Amherst has a "perpetual easement and right of way for highway and road purposes, in, upon, and over the lands hereinafter described." In 1974, Gargasz purchased from the owner of the fee an easement under the same roads for the "installation of a water line and sanitary sewer line but subject to all legal highways, and other easements."

Construction for laying these lines was started by the city of Lorain and the city of Amherst brought this action for an injunction and damages because neither the city of Lorain nor Gargasz had secured approval of Amherst to burrow beneath these highways.

The trial court found that the city of Lorain was acting as a private contractor for Gargasz and denied the relief requested; declared that a request for approval was not required when it was obvious that it would not be granted; and determined that the installation of the pipes would not interfere with Amherst's statutory duty of keeping the streets open, in repair and free from nuisance.

Amherst contends that: (1) the decision is contrary to law, and (2) was based on evidence not in the record.

As we see it, the sole issue in this case is:

"Must consent be obtained from one municipality by a

contiguous municipality to traverse the former's area with water or sewer lines which do not serve its residents?''

R. C. 743.17 is clear and unambiguous. It declares:

''A municipal corporation owning water works whose territory is contiguous to that of another municipal corporation may, *with the assent of such municipal corporation,* establish and maintain such portion of its waterworks as is advisable within the limits of such other municipal corporation, and may make such use of the streets * * * as is necessary to construct * * * water pipes as are required * * * for the conveyance of water along and across such streets * * *.'' (Emphasis added.)

Conversely if such ''assent'' is not obtained, the same cannot be done.

A municipal corporation cannot relieve itself of the mandate of the statute by declaring that it is not acting in an official capacity but only as a private contractor for another in the laying of waterpipes.

That a city has an easement only for street purposes rather than the fee in no way lessens the statutory requirement of assent.

*Judgment reversed and cause remanded.*

VICTOR, P. J., MAHONEY and BRENNEMAN, JJ., concur.